

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **MICHAEL VIVIANO**<br>*Senior Counsel*<br>phone: (212) 356-2368<br>fax: (212) 356-3509<br>mviviano@law.nyc.gov |

May 21, 2024

**BY ECF**
Honorable Magistrate Judge Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re:    <u>Winston Bowerbank v. the City of New York et al.</u>,
                     24-CV-01046-RER-JAM

Your Honor:

       I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York, and Detective Stephen Lalchan[1] in the above-referenced action. I write jointly with plaintiff, in response to docket entry No. 6, ordering the parties to file a case management plan, and in that regard to request the following case management plan to be implemented in two phases in order to promote the opportunity of early settlement.

       The parties propose that they engage in a first phase of discovery in order to evaluate the case for early settlement purposes ("Phase 1"), and a second phase to take place if the case is not resolved by the conclusion of a settlement conference ("Phase 2"). Phase 1, as outlined below, is similar to the Section 1983 Plan in place in the Southern District of New York.

       Phase 1 is designed to promote early settlement. The parties will provide their initial disclosures within 30 days of the initial conference on June 28, 2024, and both parties will exchange limited discovery 45 days after the initial conference, by July 12, 2024. For Defendants, the limited discovery will consist of the following materials to the extent that they were generated or exist:

---

[1] The City of New York does not represent former NYPD Detective Kevin Desormeau.

- For each defendant, the City would turn over the CCRB and CPI indices of complaints or incidents that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility.
- The NYPD complaint report,
- Defendant officer's memobook entries or daily activity report,
- 911 report, including any recordings (if available),
- Radio run reports (audio and written) (if available),
- Stop and frisk reports (e.g., UF250) (if accessible in database),
- Aided reports (or any line-of-duty injury reports),
- Property vouchers,
- Evidence vouchers,
- Arrest report,
- Mugshot (if available),
- Reports of medical treatment for plaintiff while in custody, if an injury is alleged.
- Handwritten OLBS form (if in possession of Corporation Counsel).
- Defendants turn over any medical records obtained from HIPAA release..

Plaintiff will turn over medical records, and any documents received from the District Attorney's office, and documents obtained from the court file. Two weeks thereafter, July 26, 2024, Plaintiff will issue their settlement demand, and Defendants will respond in writing two weeks after, on August 9, 2024. The parties request a settlement conference be scheduled shortly after, with a date set by the Court. If the parties are unable to resolve the matter through good faith negotiations during the settlement conference, we would proceed to file a completed Discovery Plan and Scheduling Order subject to Your Honor's individual rules.

Thank you for your consideration in this matter.

Respectfully submitted,

By: */s/ Michael Viviano*
Michael Viviano
*Senior Counsel*

To:   All counsel (By ECF)